IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL MCCLOSKEY,

                      Plaintiff,                  Case No. 3:09 CV 1273

-vs-

                                          MEMORANDUM OPINION
THOMAS WHITE, et al.,                          AND ORDER

                      Defendant.

KATZ, J.

Now pending before the Court are defendant Thomas White's motion to bifurcate discovery and trial (Doc. 44), as well as motions filed by defendant White (Doc. 43) and defendant Ottawa Hills (Doc. 46) to stay or limit discovery. Defendant Ottawa Hills has filed a memorandum (Doc. 47) generally supporting defendant White's motion to bifurcate.

The motions to stay will be granted. "A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007). "However, simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Id*. A district court has broad discretion in determining whether to stay a civil action under such circumstances. The factors that guide the district court's discretion in such circumstances are:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id*.

In this case, defendant White has been convicted and sentenced in a criminal proceeding related factually to the present civil case. His conviction, however, is still on appeal, and thus there exists a real possibility that he would be retried on the criminal charges. Under these circumstances, it appears that he may reasonably invoke the Fifth Amendment privilege against self-incrimination in the instant case. See, *e.g.*, *Prentice v. Hsu*. 280 F.Supp. 384, 388 (S.D.N.Y. 1968) (holding that despite defendant's conviction in a related criminal matter, "it does not automatically follow that the questions presented ... will not incriminate him," for "[t]he issues raised are not yet moot since appeal may bring about a new trial"); *Mitchell v. United States*, 526 U.S. 314, 326 (1999) (defendant may continue to assert his Fifth Amendment privilege against self-incrimination until his judgment of conviction becomes "final.").

Thus, concerns of judicial efficiency militate in favor of a stay. It appears that White will not be able to answer much of the discovery Plaintiff would propound upon him at this time. The parties, and the Court, would have to consume time and energy in determining the precise contours of White's Fifth Amendment rights if discovery were to proceed at this point. Additionally, discovery would have to be carefully tailored to avoid prejudicing White in the event of a retrial. Many of these concerns would be alleviated if discovery were stayed until White's criminal conviction became final.

Due to the considerable overlap between the issues common to the two defendants in this case, and to avoid the potential of forcing Plaintiff and Ottawa Hills to engage in duplicative discovery, the relevant factors tilt in favor of staying discovery as to Ottawa Hills as well. Therefore, the Court, in weighing the relevant factors, finds that the motions to stay discovery should be granted.

The Court is sensitive to the fact that very little discovery has yet occurred since this case was initially filed. In particular, the Court is cognizant of the fact that the statute of limitations for filing claims against other officers relating to this controversy will expire on May 23, 2011. The Court hopes that the parties will be able to work out an arrangement that would avoid potentially forcing Plaintiff to have to file a "shotgun" complaint against other officers.

The decision whether to bifurcate lies within the sound discretion of the trial court. *Acme Resin Corp. v. Ashland Oil, Inc.*, 689 F. Supp. 751, 752 (S.D. Ohio 1987). That discretion is to be guided by considerations of judicial economy, fairness to the parties, and the similarity of the issues sought to be tried. *Id.* In this case, the Court agrees with Plaintiff that ordering bifurcation of discovery as to the two defendants in this matter would be premature. The Court cannot find, at this early point in the litigation, that the benefits of bifurcating discovery would outweigh the costs thereof. Therefore, the motion to bifurcate will be denied with respect to discovery. The motion will be denied without prejudice insofar as it concerns bifurcation of trial, with the issue reserved for pretrial motions.

For the foregoing reasons, the motions to stay (Docs. 43 and 46) are granted. The motion to bifurcate (Doc. 44) is denied with prejudice as to discovery and without prejudice as to trial.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE