IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL MCCLOSKEY,

                     Plaintiff,               Case No. 3:09 CV 1273

-vs-                                      <u>AMENDED</u>
                                           <u>MEMORANDUM OPINION</u>
THOMAS WHITE, et al.,              <u>AND ORDER</u>

                     Defendant.

KATZ, J.

This matter is before the Court on Plaintiff's motion (Doc. 62) for leave to file an amended complaint, to which defendant Village of Ottawa Hills has filed an opposition. (Doc. 63). For the following reasons, the motion will be denied.

**I. Standard of Review**

Under the liberal amendment policy of Fed. R. Civ. P. 15(a), "a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amended complaint is futile if the pleading would not survive a motion to dismiss. *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 573 (6th Cir. 2010).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, *Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 555); see also *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

The court will address whether the proposed new claims are subject to dismissal under Rule 12(b)(6). If so, they are futile, and Plaintiff cannot amend his complaint to add these claims.

## II. Discussion

Plaintiff seeks leave to amend his complaint to add claims against two new defendants, Ottawa Hills Village Manager Marc Thompson and Ottawa Hills Police Chief Robert Overmeyer. He also seeks to add two new claims against the Village of Ottawa Hills.

### *A. Proposed Claims Against Thompson*

Plaintiff claims that Thompson tried to force Plaintiff to leave his residence by enforcing a Village policy that allowed only single families to live in Village homes. (Doc. 62-1, at 3). Plaintiff also states that Thompson appeared at plaintiff's place of residence, and yelled at Plaintiff and the homeowner of Plaintiff's residence, claiming that he had previously forced an unmarried couple living together to abandon their Village residence. *Id*. Plaintiff further alleges that Thompson "conceived and adopted an illegal policy and procedure, in which Ottawa Hills law enforcement officers were encouraged to harass and intimidate" the plaintiff to force "Mr. McCloskey out of the residence he was legally residing in located within the village of Ottawa Hills." *Id.* at 13.

The Court does not find that these allegations state a claim upon which relief may be granted. Thompson was the Village of Ottawa Hills' Manager. His position required that he enforce the Village's zoning code. The proposed amendment alleges that Thompson tried to force Plaintiff out of his Village residence through enforcement of a policy that only allowed single families to live within Village homes, which violated Plaintiff's constitutional rights (Doc. 62-1, at 11).

3

Zoning ordinances, however, do not necessarily involve rights guaranteed by the Constitution. The Supreme Court has held that a zoning ordinance that barred unrelated college students from living in a home zoned for single families did not violate the students' constitutional rights. *Village of Belle Terre v. Boraas*, 416 U.S. 1 (1974). In that case, the Court found that the Village of Belle Terre's zoning ordinance did not violate the students' fundamental rights, such as voting, the right of association, the right to access the courts, or the right to privacy. *Id*. at 7.

Similarly, the proposed amended complaint does not specify any constitutional rights of Plaintiff's that Thompson violated. Ensuring that zoning laws are enforced is a legitimate governmental purpose, regardless of whether enforcement of such laws inconveniences or negatively impacts alleged violators of such ordinances. As Village Manager, Thompson was entitled to enforce Village zoning ordinances. Plaintiff's proposed amended complaint thus fails to indicate that Thompson "conceived and adopted an illegal policy and procedure" to harass Plaintiff. (Doc 62-1, at 13). Indeed, Plaintiff states that Thompson claimed he had previously enforced the zoning code against other unmarried individuals sharing a residence in the Village. This indicates that Thompson may have regularly legally enforced the code, and seems to indicate that the Plaintiff was not unfairly targeted by Thompson.

Some courts have defined "family" broadly in interpreting what constitutes a single-family dwelling. *Moore v. City of East Cleveland*, 431 U.S. 494 (1977) (zoning ordinance that prohibited grandmother from living with her son and grandson violated her constitutional rights); *Saunders v. Clark County Zoning Dept.*, 66 Ohio St.2d 259, 263 (1981) (citing *Smith v. Organization of Foster Families*, 431 U.S. 816, 844-845 (1977) (a family unit that rears children, regardless of the composition of the unit, is protected by the Constitution). But Plaintiff is not a member of the

Village homeowner's family, nor is he claiming to be, and thus the broad interpretation of "family" in some zoning cases is irrelevant.

Plaintiff additionally asserts that Thompson encouraged officers to harass Plaintiff, violating plaintiff's constitutional rights. (Doc 62-1, at 13). But a §1983 claim must include facts that point towards involvement of the accused in the alleged wrongdoing, *Ghaster v. City of Rocky River*, 2010 WL 2802682 at *5 (N.D. Ohio July 13, 2010), and the proposed amended complaint does not allege that Thompson had any supervisory power over either Officer White or any other Ottawa Hills police officer. It also does not allege that Thompson was present at the shooting. The proposed amended complaint, further, does not show any causal link between Thompson's actions in attempting to enforce the Village's zoning code and Officer White's actions on May 23, 2009.

The Court therefore finds that Plaintiff's claims against Thompson would not survive a motion to dismiss.

### *B. Proposed Claims Against Overmeyer*

Plaintiff alleges that Chief Overmeyer "participated in the implementation and the carrying out of the unconstitutional policy and/or procedure to intimidate and coerce the Plaintiff to leave the home he was living in which was located in the Village of Ottawa Hills." (Doc. 62-1, at 2). Plaintiff also claims that Chief Overmeyer acted with deliberate indifference to plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. *Id*. at 4.

Plaintiff, however, does not direct any specific allegations against Chief Overmeyer. Nor does the proposed amended complaint specifically direct any claim for relief against Chief Overmeyer. It also does not state factual content that would allow the court to reasonably draw an inference that Overmeyer is liable for the alleged misconduct, a requirement for facial plausibility

under *Iqbal*. Instead, the proposed amended complaint merely states broad, conclusory allegations against Chief Overmeyer without any factual basis.

The Court therefore finds that Plaintiff's claims against Chief Overmeyer would not survive a motion to dismiss.

### *C. Proposed New Claims Against Ottawa Hills*

Plaintiff also moves to add new claims against the Village of Ottawa Hills. Plaintiff alleges that the Village adopted a policy of intimidating and harassing Plaintiff in order to force him out of his Village residence. (Doc. 62-1, at 2). He also claims the Village "adopted a policy and/or procedure to encourage violations of Michael McCloskey's constitutional rights and was the moving force behind the events that took place on May 23, 2009." *Id*. at 3.

A municipality is liable for a §1983 violation if its policies violate constitutional rights. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 707-708 (1978). The proposed amended complaint, however, does not contain facts plausibly indicating that the Village violated any of Plaintiff's constitutional rights. As noted above, the enforcement of zoning regulations does not necessarily infringe upon an individual's constitutionally protected rights. *Village of Belle Terre, supra*, 416 U.S. at 9. The proposed amended complaint, moreover, shows no causal link between the Village's zoning policies and the shooting. Because the proposed amended complaint indicates that Plaintiff's proposed new claims against the Village stem from its legitimate efforts to enforce its zoning code, it fails to plausibly state claims for relief against the Village.

Therefore, the Court finds that the new claims against the Village would not survive a motion to dismiss.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint (Doc. 62) is denied.

IT IS SO ORDERED.

s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE
