IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL MCCLOSKEY,

                Plaintiff,                Case No. 3:09 CV 1273

   -vs-

                                          O R D E R

OFFICER THOMAS WHITE, etc., et al.,

                Defendant.

KATZ, J.

**I. Background**

Currently before the Court is Plaintiff Michael McCloskey's FED. R. CIV. P. 60(b) motion for reconsideration of this Court's December 20, 2011 Memorandum Opinion and Order, ("December 20 Order"), which, *inter alia*, ordered Defendant Village of Ottawa Hills ("Ottawa Hills") to produce any surveillance evidence in its possession not protected by the work product doctrine. (Doc. 170 at 4-6). Plaintiff argues this Court erred by ordering Ottawa Hills to produce unprotected surveillance evidence without also ordering Ottawa Hills to produce a FED. R. CIV. P. 26(b)(5) privilege log for surveillance evidence over which it continues to assert work product protection.

For the reasons that follow, Plaintiff's motion for reconsideration is denied. Additionally, however, Ottawa Hills is hereby ordered to serve on Plaintiff a privilege log as required by FED. R. CIV. P. 26(b)(5). Ottawa Hills shall serve any required privilege log within one week of this Order.

**II. Discussion**

**A. Motion for Reconsideration**

While Plaintiff highlights Ottawa Hills' affirmative responsibilities under FED. R. CIV. P. 26(b)(5), Plaintiff fails to cite any authority requiring this Court to recite those responsibilities when issuing a discovery-related order, let alone authority suggesting that a failure to do so is grounds for relief under FED. R. CIV. P. 60(b). Accordingly, Plaintiff's motion for reconsideration is denied.[1]

**B. Privilege Log**

While it is not the responsibility of this Court to articulate the parties' discovery duties at every turn, it is clear that FED. R. CIV. P. 26(b)(5)(A) imposes an affirmative duty on Ottawa Hills. Specifically, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party ***must***: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . ." (emphasis added).

Despite this, Ottawa Hills maintains that its response to Plaintiff's request for surveillance evidence is exempt from FED. R. CIV. P. 26(b)(5) under the current circumstances. Specifically, Ottawa Hills contends that the factual existence of surveillance in this case is protected by the work product doctrine, and therefore contends it cannot be required to disclose the existence of

---

[1] The Court notes that an isolated portion in the body of Plaintiff's reply states: "Thus, Plaintiff asks this Court to reconsider its Order granting Defendants' motion for a protective order since the scope and nature of the putative evidence remains unknown and, without benefit of the procedural safeguards provided by a privilege log, the information is unascertainable." (Doc. 191 at 4) (emphasis added).
    The protective order granted by the Court's December 20 Order only involved a request for non-party Ohio State Highway Patrol's LEADS reports. (Doc. 170 at 1-4). Plaintiff's motion for reconsideration, however–as well as the rest of his reply brief–only involves privilege log issues related to Ottawa Hills' assertion of work product protection for putative surveillance evidence. Thus, notwithstanding aj reference to the protective order, the Court construes the instant motion as involving only the surveillance-related privilege log issues.

surveillance in a privilege log. (Doc. 183 at 9) ("[T]he mere existence of surveillance records would provide Plaintiff with information protected under the work product doctrine . . . . [A] privilege log regarding the existence of surveillance records would reveal critical information to Plaintiff about the Village's strategy and preparation for trial.") (emphasis in the original).

The Court is not persuaded by Ottawa Hills' arguments. **First**, the Court notes that the work product doctrine protects documents and tangible things prepared by or for an attorney in anticipation of litigation. *See In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986). The purpose of the protection is to ensure that attorneys are "free to conduct research and prepare litigation strategies without fear that these preparations will be subject to review by outside parties. *In re Grand Jury Subpoenas*, 454 F.3d 511, 520 (6th Cir. 2006). Here, Ottawa Hills' blanket-statement does not demonstrate to the Court how its trial strategies will be revealed if it acknowledges the existence of surveillance. **Second**, Ottawa Hills does not point this Court to any authority holding that the factual existence of surveillance constitutes protected work product, particularly in light of FED. R. CIV. P. 26(b)(5)'s requirement that parties "expressly claim" when they are withholding otherwise discoverable information on the basis of privilege.² **Third**, Ottawa

---

²

Ottawa Hills cites *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) and *Scherer v. Equitable Life Assurance Soc'y of the United States*, 2005 U.S. Dist. LEXIS 19481 (S.D.N.Y. 2005), for the proposition that "the mere existence" of documents or tangibles is protected by the work product doctrine. First, *Scherer* does not stand for this proposition. *See* 2005 U.S. Dist. LEXIS 19481, at *4 ("Prior to the deposition of Plaintiff, even mere identification *of the persons surveilling her* may enable her to frustrate current surveillance and/or tailor her testimony.") (emphasis added).
    *Shelton* is likewise inapposite. The *Shelton* court did not hold that the existence of documents amounts to protected work product *per se*. Rather, *Shelton* held that *in-house counsel's knowledge* of the existence of certain documents is protected, because "requiring [counsel] to testify that she is aware that documents exist concerning a certain issue is tantamount to requiring her to reveal her legal theories and opinions concerning that issue." 805 F.R.D. at
(continued...)

Hills ignores cases standing for the proposition that "the work-product doctrine does not apply where the information sought is the existence or nonexistence of work product." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) (citing *Smith v. Ins. Co. of N. Am.*, 30 F.R.D. 534, 538 (M.D. Tenn. 1962); *McCall v. Overseas Tankship Corp.*, 16 F.R.D. 467, 469 (S.D.N.Y. 1954)).

To be clear, the Court does not agree with Plaintiff that Ottawa Hills' responses to Plaintiff's request for surveillance–including its failure to provide a privilege log–were deceitfully designed to mislead Plaintiff or the Court.[3] Nor does the Court share Plaintiff's view that Ottawa Hills has waived its claim to work product protection by failing to produce a privilege log. But if Ottawa Hills is withholding discoverable surveillance evidence on the basis of work product protection, Ottawa Hills must produce a privilege log "that will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A)(ii).[4]

**III. Conclusion**

---

[2](...continued)
1328. Moreover, the *Shelton* court noted that while the defendant maintained that *counsel's* knowledge is work product, the defendant also "indicated that it would be willing to answer these questions through the deposition of [defendant's] officials who were not attorneys in its Litigation Department." *Id*. at 1327. Further, the *Shelton* court notably restricted its holding to "cases that involve reams of documents and extensive document discovery," because "the selection and compilation of documents [in such cases] is often more crucial than legal research." *Id*. at 1329.

[3] Ottawa Hills is correct that it did not mislead the Court regarding the existence of surveillance. (Doc. 183 at 10). The Court has reviewed the filings and nothing in the record indicates that Ottawa Hills denied the existence of surveillance, notwithstanding the Court's December 20 Order.

[4] The Court recognizes that in the event Ottawa Hills is not withholding discoverable surveillance evidence pursuant to the work product doctrine, it is not necessary for Ottawa Hills to serve a privilege log on Plaintiff.

For the reasons stated herein, Plaintiff's motion for reconsideration is denied. (Doc. 180). Further, Ottawa Hills is hereby ordered to serve on Plaintiff a privilege log as required by FED. R. CIV. P. 26(b)(5). Ottawa Hills shall serve any required privilege log within one week of this Order.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE